IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMCAST OF ILLINOIS X, LLC.,           )
an Illinois Limited Liability Company, )
                                       )
                   Plaintiff,          )
                                       )
         v.                            )   No. 03 C 3231
                                       )
HIGHTECH ELECTRONICS, INC.,            )
etc., et al,                           )
                                       )
                   Defendants.         )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Hightech Electronics, Inc., a/k/a Hitech Electronic, Inc.'s, ("Hightech"), Internet Traffic Pros, Inc.'s, ("Traffic Pros"), and Carlos Garcia's ("Garcia") motion to dismiss in part Plaintiff Comcast of Illinois X, LLC's ("Comcast") third amended complaint. Defendants have also filed a motion to strike and motion for sanctions. For the reasons stated below, we grant the motion to dismiss in part and deny it in part and we deny the motion to strike and the motion for sanctions.

## BACKGROUND

In February of 2002, Garcia worked for a company he created and operates named Hightech, which set up a website named 1-satellite-dish.com. According to Comcast, 1-satellite-dish.com contains links to over thirty other websites which are selling illegal cable pirating devices. Comcast alleges that, by setting up 1-satellite-dish.com, Garcia and Hightech assisted in the distribution of cable pirating devices by driving internet traffic to these other websites that sell cable pirating devices. Comcast alleges that in return for such services, those websites selling cable pirating devices that are linked to 1-satellite-dish.com provide Garcia with substantial compensation.

Defendant Net Results Inc. ("Net Results") is the named domain server for the 1-satellite-dish.com website, as well as for the other websites selling cable pirating devices that are linked to 1-satellite-dish.com. According to Comcast, Net Results has knowledge of the illegal activity occurring on these websites because it was subpoenaed in two other lawsuits regarding such illegal activities. Net Results continues to provide internet service to 1-satellite-dish.com, as well as to the other websites linked to that page which are selling cable pirating devices.

Garcia is also allegedly the president of a company named Traffic Pros. Comcast alleges that Garcia, acting on behalf of Traffic Pros, assisted other companies in distributing cable pirating devices by selling customer sales leads to these companies. Comcast further alleges that Garcia, through Traffic Pros, also

provided such companies with organizational charts teaching them how to run an illegal pirating device business. Comcast also contends that Traffic Pros operates a website named direct-hosts.com, that purportedly provides web hosting to cable-descramblers-direct.com and to numerous other illegal pirating device websites.

Comcast further alleges that numerous other cable companies have previously sued Garcia for his operation of two companies, not named in the present suit, that sold illegal cable pirating devices. In January of 2002, as a result of one of these suits, Garcia allegedly signed a Consent Judgment enjoining him from assisting others in any way in distributing any illegal cable equipment.

According to Comcast, Defendants' activities described above have financially injured Comcast, have created an adverse impact on Comcast's ability to maintain a high quality of programming services for its subscribers, and have increased the risk of signal leakage which could potentially violate FCC regulations. Comcast also alleges that the state of Illinois could suffer from decreased franchise fees Comcast pays to the state.

On May 14, 2003, Comcast initiated this lawsuit. Comcast filed its final six count complaint, the second amended complaint, on October 14, 2003, against Hightech, Traffic Pros, Garcia, Net Results, and William S. Reed (not joining in Defendants' motion to dismiss). Comcast brought this complaint against Defendants pursuant to the Cable Communications Act, 47 U.S.C. § 553*et seq.* (Count I), the Illinois Cable Piracy Act ("ICPA"), 720 ILCS 5/16-21 (Count II), and the Digital

Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(2) and (b)(1) (Counts III and IV). Comcast also brought a state unjust enrichment claim (Count V) and a state constructive trust claim (Count VI).

All Defendants other than Net Results filed a motion to dismiss Comcast's second amended complaint. Net Results subsequently filed its own motion to dismiss and adopted the arguments of the other defendants. On July 28, 2004, we granted Defendants' motion to dismiss in part and denied the motion to dismiss in part. Comcast was subsequently given leave to file a third amended complaint and all Defendants other than Net Results have joined in a motion to dismiss in part the third amended complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that

although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Civil Conspiracy Claim (Count I)

Defendants move for a dismissal of the civil conspiracy claim (Count I). Comcast claims that its conspiracy claim "is a wholly different cause of action, which involves a violation of the Cable Communications Act (as well as the DMCA, ICPA and unjust enrichment counts), then [sic] the prior allegation which the Court noted did not directly amount to 'manufacture or distribution.'" (Ans. 9). A conspiracy is a civil cause of action because it entails an agreement made towards an unlawful purpose or involving an unlawful means. *See Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994)(stating that a "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means"and that "[a] cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort.").

#### A. Cable Communications Act

Comcast's civil conspiracy claim replaces the Cable Communications Act claim included in Count I of the second amended complaint. In Count I of Comcast's second amended complaint Comcast alleged that Defendants violated 47

U.S.C. § 553(a)(1) under the Cable Communications Act. Pursuant to 47 U.S.C. § 553, "no person shall intercept or receive or *assist in intercepting or receiving* any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1)(emphasis added). Defendants argued that creating and maintaining websites that have hyper-links to other websites which sell illegal cable descramblers does not fall within the meaning of "assist in intercepting or receiving" in 47 U.S.C. § 553(a)(1). Furthermore, Defendants argued that Comcast has not provided sufficient facts to show intent which is required for a 47 U.S.C. § 553(a)(1) claim.

In our prior ruling we noted that the phrase "assist in intercepting or receiving" is defined in 47 U.S.C. § 553(a)(2) as "the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1)." 47 U.S.C. § 553(a)(2). Thus, in our prior ruling we found that 47 U.S.C. § 553(a)(2) indicates that in order to "assist in intercepting or receiving" the defendant must have manufactured or distributed a device and intended that the device would be used for the unauthorized reception of cable services. We found that the second amended complaint failed to state allegations that indicate that Defendants assisted in intecepting or receiving" and thereby violated 47 U.S.C. § 553(a)(1). We also found that the requisite intent for a

7

violation of 47 U.S.C. § 553(a)(1) was not sufficiently pled under the notice pleading standard.

Defendants argue that the facts alleged in the second amended complaint in support of the Cable Communications Act claim are the same facts that are now alleged in support of the civil conspiracy claim and thus, since we held that there was no violation of the Cable Communications Act in our prior ruling, the conspiracy claim cannot be based upon the Cable Communications Act. Comcast argues that "[w]hile that Court may not believe [that the alleged misconduct] independently amounts to a violation for assisting by Defendants under the Cable Communications Act, it clearly does amount to a cause of action for a conspiracy claim. . . ." (Ans 10). Comcast is entirely mistaken. Although, as Comcast points out, a conspiracy claim can be a separate cause of action, there necessarily must be some unlawful conduct upon which to base the conspiracy claim. A defendant cannot be held liable simply for entering into an agreement. It is the unlawful conduct that supplies a basis for the civil conspiracy claim. Therefore, for the reasons indicated in our prior ruling in regards to the same conduct alleged in the instant complaint, we grant the motion to dismiss the conspiracy claim to the extent that it is based upon the Cable Communications Act.

### B. Unjust Enrichment

In regards to Comcast's contention that it can pursue a conspiracy to commit

unjust enrichment claim Comcast has presented no support for the introduction of such a claim. The doctrine of unjust enrichment is an equitable doctrine based upon inherent unfairness and intended in equity simply to supplement the legal remedies where they are insufficient. Thus, it is illogical to presume that such a claim could be multiplied tacking on additional "counts" of unjust enrichment in a conspiracy claim. Unjust enrichment is not a tort or a statutory prohibition. Rather it is merely a specialized equitable remedy available in court. Thus, it is illogical to argue that two parties could conspire to commit unjust enrichment. Therefore, we grant the motion to dismiss the conspiracy claim to the extent that it is based upon the doctrine of unjust enrichment.

### C. Illinois Cable Piracy Act and Digital Millennium Copyright Act

In regards to the ICPA claim we find that Comcast has stated a conspiracy claim to the extent that such a claim is limited by our prior ruling dismissing the ICPA claim to the extent that it is based upon wrongful conduct that occurred prior to January 1, 2003. Comcast has also provided a sufficient basis for a conspiracy claim under the DMCA.

### D. Pleading Requirements for Conspiracy

Defendants also argue that Comcast has not provided sufficient detail to meet the requirements of the notice pleading standard for the conspiracy claim. A

plaintiff is not required to plead a civil conspiracy claim with particularity. *Hoskins v. Poelstra*, 320 F.3d 761, 764-65 (7th Cir. 2003). In order to meet the minimum requirements under the notice pleading standard for a civil conspiracy claim a plaintiff must "indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Id.* (quoting *Walker*, 288 F.3d at 1007). In regards to the ICPA claim and DMCA claims, Comcast has indicated in its complaint the identity of the parties involved in the alleged conspiracy. Comcast has indicated that the conspiracy's purpose was to facilitate the unauthorized use of Comcast's broadcasts. Comcast has also supplied the approximate dates of the alleged misconduct. Defendants' citation to a 1980 Seventh Circuit case that was decided well before *Walker* and *Hoskins* is misplaced. Likewise, Defendants' citation to Illinois state court decisions regarding the pleading requirements for a conspiracy and Defendants' focus on Comcast's failure to allege elements of the conspiracy is improper for federal pleading analysis.

II. Breach of Contract Claim

Defendants seek a dismissal of the breach of contract claim in Count IV. The breach of contract claim is based upon a consent judgment agreement between Garcia and AT&T Broadband entered into on January 8, 2002, in a previous, unrelated case. Comcast argued vaguely in its answer to the prior motion to dismiss that the consent judgment could be the basis for a claim. In our prior ruling we

noted that the judgment was limited in scope, and we noted that since the judgment was entered by another court it was not clear that we would be the proper tribunal for such a remedy in any case. Comcast has brought the same count and has done little more than append the phrase "breach of contract" to the claim. Thus, in the sense that this count is duplicative and is merely attempting to twist the terms and present what is essentially the same claim to the court that was dismissed in our prior ruling the claim is improper. Also, Comcast has failed to address the limitations of the consent judgment mentioned in our prior ruling. Finally, the language of the judgment clearly indicates that the proper venue for resolving such dispute over the judgment would be in the bankruptcy court. Comcast acknowledges itself that it would be proper to bring this claim before the bankruptcy court. Comcast argues that it brought the judgment claim in this court out of concern for Defendants who are concerned about avoiding "baseless multiplication of litigation." (Ans. 13). However, it is the Defendants that specifically request that this court dismiss the claim to allow Comcast to file in the Bankruptcy court. Based upon the above analysis, we grant the motion to dismiss the breach of contract claim.

III. Compliance With Prior Order

Defendants argue that Comcast failed to follow our prior ruling and has merely presented a duplicative complaint. We disagree. Other than the consent judgment claim, Comcast has properly made alterations to its prior complaint in an

11

attempt to state a proper claim. The mere fact that the factual allegations in each complaint are the same is not in and of itself an indication that the complaints were duplicative if other explanations or terms were included to further explain the claims implicated by those factual allegations. Defendants also argue that Comcast is prohibited from alleging conduct prior to January 1, 2004, since we dismissed claims based upon such allegations in our prior rulings. Defendants are incorrect in asserting that Comcast cannot plead certain facts. Comcast is free to plead any facts which may include a wide variety of allegations that may have some tangential relevance. However, which facts that are pled that will provide a basis for a claim is another matter. Although our prior ruling is applicable to the third amended complaint in regards to the time-barred claims, Comcast is not prohibited from including such allegations in its complaint. This principle is also applicable to Defendants' other contentions about Comcast's failure to proceed in accordance with our prior ruling. The effect of the ruling is applicable to the third amended complaint to the extent that the same principles apply to both complaints. However, such a position does not prohibit Comcast from pleading certain allegations.

## IV. Multiple Litigation

Defendants argue that Comcast's filing of its third amended complaint was done merely to harass Defendants and force them to engage in multiple litigation of the same issues in different courts. Defendants ask the court to strike the third

amended complaint and award sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Defendants have not shown that sanctions are warranted. Defendants complain that after they filed the prior motion to dismiss in this case Comcast filed similar actions against Defendants in a federal court in Colorado and filed a case which came before another district judge. Defendants argue that such additional litigation is merely harassment and that the doctrine of res judicata applies. Whether or not the other actions are duplicative and constitute harassment is for the other tribunals to decide. Also, to the extent that the doctrine of res judicata applies, it would be applicable, if at all, in the other cases. Again it is for the other tribunals to decide whether or not the doctrine is applicable in the actions before them.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the civil conspiracy claim to the extent that it is based upon the Cable Communications Act and unjust enrichment claim. We deny Defendants' motion to dismiss the civil conspiracy claim to the extent that it is based upon the ICPA and DMCA. We grant the motion to dismiss the breach of contract claim. We deny the motion for sanctions and the motion to strike.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 25, 2005

13